United States District Court
Southern District of Texas
**ENTERED**
October 11, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM PEARSON, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-0415 |
| | § | |
| FREQUENCY CAR AUDIO #1, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM

### I. INTRODUCTION

This Fair Labor Standards Act [FLSA] case was tried to the Court without a jury. After receiving the evidence – testimony and exhibits – the Court will render judgment for the plaintiff as set forth in the following findings of fact and conclusions of law.

### II. HISTORICAL BACKGROUND/CONTENTIONS

The plaintiff, William Pearson, was employed by defendants Frequency Car Audio #1, 2, and 3 ("Frequency") to install and repair audio equipment in customer vehicles. The plaintiff contends that during the course of his employment, he was engaged to work for both Frequency and for the individual defendants, Ajit Singh Khalsa and Sarbjit Singh at Singh's real estate properties. The evidence shows that the plaintiff was paid for work at Singh's properties. The plaintiff argues, however, that the work that he performed at Singh's properties should be treated as though he was still working at Frequency. This work is, by and large, the work that the plaintiff relies on as the basis for overtime pay.

The relevant time period that the plaintiff was employed by Frequency was January 2014 through January 31, 2016. The plaintiff was paid $1,000 per week for a 40 hours work week by a combination of check and cash by agreement of the parties. Each check payment was in the

amount of $438 per week, reflecting a deduction for Social Security Insurance in the approximate sum of $62.00. The remainder of the plaintiff's salary, $500, was paid in cash. The plaintiff disputes that he was paid the cash portion of his salary on a regular basis and, therefore, he is owed both pay due for regular salary and pay due for overtime. In this regard, the plaintiff contends that he is due weekly salary for the pay period November 28, 2015, June 19, 2015, August 7, 2015, September 18, 2015 and January 31, 2015. In addition, he contends that he was not paid portions of his regular pay for time worked at Frequency in the amount of $45,150. To repeat, the plaintiff contends that for overtime purposes, any work done on Singh's real estate properties after an eight hours day at Frequency, or on weekends, should be treated as overtime pay.

### III.  FINDINGS OF FACT

1) Frequency is the plaintiff's employer for purposes of this FLSA suit. The Court finds that any work done for Singh individually was "extra" to assist the plaintiff with his finances. Therefore, the plaintiff's claim that his work at the home of Singh and that work was a continuation of his employment with Frequency, is incredible and rejected by the Court. Therefore, work done on Singh's personal property does not constitute overtime work.

2) Frequency is subject to the FLSA because it engaged in interstate commerce as is evidenced by its purchase of auto parts from out-of-state manufacturers. In addition, the Court finds that the gross income of Frequency exceeded $500,000 per year for years 2014, 2015 and 2016.

3) The credible evidence does not support a finding that the plaintiff worked for Frequency 55 hours per week, in light of the Court's finding that the plaintiff worked for Singh separately at Singh's real estate. There is no evidence supporting this claim otherwise.

4) The plaintiff testified that often, he was not paid his weekly wages. He identifies the weeks of January 31, June 19, August 7, September 18 and November 28, 2015, as weeks when his weekly wages were not paid. For these periods, the plaintiff is therefore due $5,000 in regular wages. While the evidence is unclear on this point, the Court grants credit to the plaintiff's testimony in this regard only because Frequency's books are incomplete and not in evidence.

6) For purposes of overtime pay, the Court is hand-pressed to find that the plaintiff actually worked any overtime. In fact, the testimony of the defendants is that the plaintiff actually worked no overtime. The Court credits the defendants' testimony in this regard[1]. Therefore, except that the plaintiff counts time at Singh's residence as overtime, no reliable evidence is before the Court. The plaintiff also claims that he is owed $500 in cash salary for 86 weeks. In support of this claim, the plaintiff simply counts the total weeks worked, which he contends is 86 weeks, subtracts the check payments for each week and declares that he never received his regular pay of $500 for the same 86 weeks. The testimony is incredible, and refuted by other credible evidence. The Court is of the opinion that the plaintiff would not have worked almost one and one-half years at half pay. Moreover, the plaintiff's claim that he arrived to work early or began working on cars before the shop opened is unquantifiable since he, admittedly, left for breakfast or took breaks when his wife dropped by from time-to-time. Therefore, testimony that the plaintiff arrived to work early or began working on cars before the shop opened, is rejected.

7) Finally, the Court finds that the defendants did not fabricate theft charges against the plaintiff. Criminal charges were filed based in part on the report of a fellow employee.

---

[1] The defendants testified that after an audit of its books, the plaintiff is owed $292.70 in overtime pay. The Court includes this sum in any judgment entered.

Therefore, the plaintiff's claim that he was retaliated against for filing an FLSA claim is discredited also by the fact that he pled guilty to the criminal charges. The Court finds that the plaintiff has suffered no economic or emotional distress damages that can be attributed to his claim of retaliation.

## IV. CONCLUSIONS OF LAW

The Court has federal question jurisdiction and supplemental jurisdiction over this case pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1367(a). Venue is proper in this district. 28 U.S.C. § 1391(b)(1)-(2). The Court concludes that the plaintiff has failed to meet his burden of proof as to each claim or cause of action in this lawsuit save those heretofore recognized. During the term of the plaintiff's employment, the defendants compensated the plaintiff in accordance with the FLSA. No overtime pay is owed to plaintiff save that confessed by the Frequency in the amount of $292.70, because the plaintiff did not work more than forty (40) hours in a given work week for Frequency. *See* 29 U.S.C. § 207. Moreover, the plaintiff received at least $7.25 per hour for each hour he worked. Accordingly, he was paid at least the federal minimum wage. *See* [29 U.S.C. § 206]. The Court concludes that no regular time wages are owed by Frequency to the plaintiff under a common law theory, except as heretofore found, because Frequency paid the plaintiff all wages due for the hours he actually worked. *See, e.g.,* Tex. Lab. Code § 61.001, *et seq*.

The admitted violation of the FLSA by Frequency was not willful because Frequency did not "kn[ow] or show[] reckless disregard for the matter of whether its conduct was prohibited by the [FLSA] ...". *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132– 33 (1988). Hence, Frequency acted in good faith and had reasonable grounds to believe its actions complied with the FLSA. A district court may decline to award liquidated damages if the court finds that the

employer "acted in good faith and had reasonable grounds to believe that its actions complied with the FLSA." *Singer v. City of Waco*, 324 F.3d 813, 822–23 (5th Cir. 2003).

Finally, the Court concludes that Frequency did not retaliate against the plaintiff in violation of the FLSA's anti-retaliation provision(s) because Frequency had probable cause and a reasonable belief that the plaintiff stole property from Frequency. Therefore, the fact that the plaintiff experienced discomfort because of the criminal charges does not rise to the level of compensable mental anguish or emotional harm. The evidence presented by the plaintiff is insufficient to prove retaliation, therefore, he is not entitled to relief on his claim for mental anguish.

V. **CONCLUSION**

In light of the Court's findings of fact and conclusions of law, counsel shall submit a motion and affidavit(s) concerning attorney's fees within ten (10) days of this Memorandum. Any response shall be filed no later than ten (10) days following the plaintiff's motion.

It is so Ordered.

SIGNED on this 11th day of October, 2017.

_____
Kenneth M. Hoyt
United States District Judge